Melanie PERRY, Plaintiff—Appellant,

v.

CLARK COUNTY CHILD PROTECTIVE SERVICES, Defendant—Appellee.

No. 02–16120.

D.C. No. CV–02–00036–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 29, 2003.

Melanie Perry, pro se, Las Vegas, NV, Alexis Coll–Very, Esq., Katherine Fosseen, Simpson, Thacher & Bartlett LLP, Palo Alto, CA, for Plaintiff–Appellant.

Robert J. Gower, DAG, Lucinda L. Coumou, Esq., Office of the District Attorney, Las Vegas, NV, Stewart Bell, Esq., Clark County District Attorney's Office, Civil Division, Las Vegas, NV, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

948

## MEMORANDUM *

Appellant Melanie Perry appeals the district court's dismissal of her complaint for lack of subject matter jurisdiction. Perry challenges the district court's reliance on the domestic relations exception and the *Rooker–Feldman* doctrine. We affirm the conclusion of the district court on the alternative ground of *Younger* abstention.

Federal subject matter jurisdiction must exist at the time the complaint is filed. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir.1988). When Perry filed her complaint, a state guardianship proceeding was ongoing. The presence of the ongoing state proceeding raises the question of whether the district court should have abstained under *Younger.* We may ask this question "for the first time on appeal because *Younger* abstention may be raised sua sponte at any point in the appellate process." *H.C. ex. rel Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000).

*Younger* abstention applies. The guardianship proceedings were ongoing as of the time the federal action was filed, and Perry's equitable claims sought to involve the federal court in terminating or truncating the state court proceedings. *Canatella v. California,* 304 F.3d 843, 850 (9th Cir. 2002). Necessary predicates of her damages claim would undermine elements in the state proceeding, including Perry's mental fitness and whether CPS had reasonable cause to believe Perry's child was in imminent danger. *Am. Consumer Publ'g v. Margosian,* 349 F.3d 1122 (9th Cir. 2003). In addition, the proceedings implicate important state interests in protecting children and determining guardianship. *See Baffert v. Cal. Horse Racing Bd.,* 332

F.3d 613, 618 (9th Cir.2003) (measuring importance of the interest by considering its significance broadly). Finally, we presume that a state court is competent to determine issues of federal law, including constitutional claims. *Margosian,* at 1123. Accordingly, we affirm dismissal of Perry's claims for equitable relief and damages, without prejudice.

To the extent that Perry challenges the failure of the family court to grant her counsel during the guardianship proceeding, this claim is precluded under the *Rooker–Feldman* doctrine. *See Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003); *Doe & Assoc. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (holding that *Rooker–Feldman* applies equally to interlocutory state court decisions).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.